DEBORAH GILBERT, on Behalf of Herself and as a Shareholder of IRRIGATION AND INDUSTRIAL DEVELOPMENT CORPORATION, Appellant, v. MARC I. HAMILTON et al., Respondents, et al., Defendants.—

Concur — McGivern, J. P., Markewich and Tilzer, JJ.; Steuer, J., dissents in the following memorandum: While I am in accord with much that appears in the majority opinion, I believe the order should be affirmed, though I agree that the reason advanced for dismissal was unsound. In my opinion no cause of action is stated. I further agree that the complaint seeks to set out a single cause of action for the disso-

lution of the corporation. The trouble is, it fails to do that. Plaintiff, a stockholder, alleges that the two moving defendants have voting control and are in active management of the corporate affairs. It is alleged that the corporation, following a difference between those defendants and plaintiff's husband, has been losing money. Several instances of business activity which it is alleged have resulted in losses are set out. Giving these the broadest intendment, the most that can be said is that the plaintiff differs with the defendants as to whether these activities are financially sound and show the exercise of good business judgment. So far, neither *Leibert* v. *Clapp* (13 N Y 2d 313) relied on by the majority, nor any other case holds that these facts state a cause of action for dissolution. Concededly, however, the complaint does contain something more — the naked allegation that the corporation is being carried on for the sole purpose of benefiting these defendants and to the detriment of the minority stockholders. If any facts were alleged to support this contention, a cause of action would be stated. But the distinguishing allegations which differentiate this complaint from *Leibert* (*supra*), are all missing. There is no allegation that these defendants are in any way looting the corporation for their own gain, nor that the unfortunate losing operations are a ploy to enable the defendants to freeze out the minority. For all that appears the chief sufferers from what the plaintiff complains about are these defendants. Sustaining this complaint is in my opinion a most unfortunate example of that judicial activity described as a liberal approach. The very prolixity of the complaint with its excess of unrelated facts (noted in the majority opinion) presages a long and windy trial confused by the introduction of irrelevant issues, either by design or ineptitude. If the plaintiff can prove a cause of action, she certainly should be able to state one. It would be a salutary saving of the court's time to require her to do so now rather than to discover the deficiency some years and several appellate reviews hence.